UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:14-cr-00023-RLY-CSW ) |
| GLYNN PETTICORD, | ) -01 ) |
| Defendant. | ) |

**ENTRY MODIFYING REPORT AND RECOMMENDATION**

On October 12, 2023, Defendant Glynn Petticord filed an Amended Objection to Magistrate Judge Crystal S. Wildeman's Report and Recommendation regarding the U.S. Probation Office's Petition for Warrant for Offender Under Supervision. For the foregoing reasons, the court **OVERRULES** Petticord's objection but **MODIFIES** the Magistrate Judge's Report and Recommendation.

**I.   Background**

Petticord pled guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 156 months of incarceration with 3 years of supervised release on February 9, 2015. (Filing No. 42). On August 17, 2017, this sentence was amended to 100 months of incarceration with 3 years of supervised release. (Filing No. 51). As part of this sentence, Petticord was transferred to the Volunteers of America ("VOA") Hope Hall Residential Reentry Center in April 2020, and about one year later, he left the VOA without authorization and never returned. Pet. to Enter Plea of Guilty & Plea Agreement at 6–7, *United States v. Petticord*, No. 3:21-cr-00054-RLY-MPB (S.D.

Ind. May 24, 2022). He pled guilty to escape from custody in violation of 18 U.S.C. § 751(a) and was sentenced to 18 months of incarceration on August 11, 2022. Judgment, *Petticord*, No. 3:21-cr-00054-RLY-MPB (S.D. Ind. Aug. 12, 2022).

Petticord was released on August 23, 2023. (Filing No. 54). On August 31, 2023, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging Petticord had failed to report to the U.S. Probation Office as of August 29, 2023, and was arrested for and charged with driving with a suspended license on August 30, 2023, in violation of the terms of his supervised release. (*Id.*). Pursuant to 18 U.S.C. § 3401(i), the matter was referred to Magistrate Judge Wildeman to conduct a hearing on the petition and to submit proposed findings of fact and recommendations for disposition under 18 U.S.C. § 3583(e). (Filing No. 58). Magistrate Judge Wildeman held a preliminary hearing on September 25, 2023. (Filing No. 62). At the hearing, United States Probation Officer Katrina Sanders testified, and Petticord requested to give a statement and was examined. (*Id.*). Magistrate Judge Wildeman recommended that Petticord's supervised release be revoked and that he be sentenced to 14 months of incarceration with 3 years of supervised release to follow. (Filing No. 64). Petticord timely filed an Amended Objection to the Magistrate Judge's Report and Recommendation.

## II.     Legal Standard

Federal Rule of Criminal Procedure 59(b)(3) requires the court to "consider de novo any objection to" a magistrate judge's recommendation on a dispositive matter. Fed. R. Crim P. 59(b)(3); *see United States v. Islam*, 932 F.3d 957, 961 (D.C. Cir. 2019)

(referring to petitions to revoke supervised release as "dispositive matters"); *United States v. Gaines*, 1:07-cr-00105-SEB-TAB, 2020 WL 548693, at *2 (S.D. Ind. Feb. 3, 2020) (reviewing *de novo* an objection to a report and recommendation on a petition to revoke); *United States v. Bolyard*, No. 1:13-cr-00012-JMS-DML, 2019 WL 1724255, at *2 (S.D. Ind. Apr. 18, 2019) (same).  Under *de novo* review, the court is free to accept, reject, or modify the recommended disposition.  Fed. R. Crim. P. 59(b)(3).  "*De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013).

**III.   Discussion**

Petticord objects only to the Magistrate Judge's recommended sentence and consideration of the factors set forth in 18 U.S.C. § 3553(a).  He argues that, because the Magistrate Judge did not indicate how she applied the relevant § 3553(a) factors, the sentencing recommendation is plainly unreasonable.  He requests that the court reject the Magistrate Judge's report and "remand with instructions to apply and articulate the . . . § 3553 factors relied upon."  (Filing No. 67).  The Government has not responded to Petticord's objection.

Upon *de novo* consideration of the relevant § 3553(a) factors, the facts in evidence, and the arguments presented at the revocation hearing, the court holds that a 14-month sentence of incarceration, with no term of supervision, is appropriate.  The court acknowledges Petticord's struggles with drug addiction and mental health problems.  Nonetheless, the court finds it significant that, after serving both a 100-month sentence

3

and an 18-month sentence, Petticord was arrested within one week of release—and failed entirely to report to or communicate with the U.S. Probation Office during that time. *See* § 3553(a)(1). Supervised release restrictions were clearly ineffective here in deterring Petticord from reoffending, and his history, including his prior conviction for escape from custody, does not foreshadow success in supervision. Hopefully, a 14-month sentence of incarceration will deter Petticord from further criminal activity. *See id.* § 3553(a)(2)(B).

At the revocation hearing, Petticord argued he did not report for the term of supervision because he was never reminded of his obligation to report. The court acknowledges the unusual timeline in this case that required Petticord to begin the term of supervision (to which he was originally sentenced 8 years ago) in 2023 following another term of incarceration. However, this timeline is due to Petticord's own failure to comply with the VOA's rules and resulting conviction for escape from custody. Additionally, Petticord *was* reminded in his release paperwork, which he signed, that he was required to report for supervision within 72 hours if he was sentenced to a term of supervision.

For these reasons, the court holds that a 14-month sentence of incarceration with no term of supervision, which is within the applicable Guidelines range, is sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a).

### IV.    Conclusion

For the foregoing reasons, the court **OVERRULES** Petticord's Amended Objection to the Report and Recommendation (Filing No. 67). Petticord's original objection (Filing No. 66) is **MOOT**. The court **MODIFIES** the recommended sentence

to 14 months of incarceration with no term of supervision. The Magistrate Judge's Report and Recommendation (Filing No. 64) is **ADOPTED AS MODIFIED**. Accordingly, the court revokes Petticord's supervised release and orders a sentence imposed of imprisonment of 14 months in the custody of the Attorney General or his designee, with no supervised release to follow.

**IT IS SO ORDERED** this 28th day of November 2023.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.